# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
GERALD PARKER,

        Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

        Respondent.
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

No. 19-1233V

Special Master Christian J. Moran

Filed: April 14, 2021

Entitlement; dismissal.

Michael A. Firestone, Marvin Fireston, MD, JD, and Associates, San Mateo, CA, for petitioner;
Catherine E. Stolar, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Gerald Parker alleged that the influenza ("flu") vaccine he received on November 15, 2018, caused him to develop cellulitis. Pet., filed Aug. 19, 2019, at 1. On December 15, 2020, Mr. Parker moved for a decision dismissing his petition.

### I.   Procedural History

Gerald Parker ("petitioner") filed a petition on August 19, 2019. Originally, Mr. Martin Martinez was counsel of record for this case. After petitioner filed the necessary medical records, the Secretary filed his Rule 4(c) report on July 9, 2020,

---

[1] The E-Government, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

contesting entitlement. Shortly after the filing of the Rule 4(c) report, Mr. Martinez passed away and the case was referred to Mr. Michael Firestone, who was substituted as counsel of record on September 9, 2020.

A status conference was then held on October 19, 2020. During this status conference, petitioner's counsel requested 60 days to file outstanding medical records identified by the Secretary, as well as updated medical records. Petitioner was ordered to file these materials by December 18, 2020.

On December 15, 2020, petitioner moved for a decision dismissing his petition, stating that, after a review of the facts and science involved in his case "demonstrated to Petitioner that he will be unable to prove that he is entitled to compensation." Pet'r's Mot., filed Dec. 15, 2020, ¶ 1. Petitioner adds that he "understands that a decision by the Special Master dismissing his petition will result in a judgment against him" and that he "intends to protect his rights to file a civil action in the future." Id. ¶¶ 3, 5. The Secretary did not file a response to this motion. This matter is now ready for adjudication.

## II. Analysis

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1).

In this case, petitioner filed medical records in support of his claim, but wishes to have his claim dismissed and judgment entered against him. Though petitioner filed this motion pursuant to 42 U.S.C. § 300aa—21(a) (regarding voluntary dismissal), the undersigned will construe this as a motion filed pursuant to 42 U.S.C. § 300aa—21(b) (regarding involuntary dismissal), given petitioner's clear intent that a judgment issue in this case, protecting his right to file a civil action in the future. See Pet'r's Mot., filed Dec. 15, 2020, ¶ 5.

To conform to section 12(d)(3), a decision must "include findings of fact and conclusions of law." Here, without the support of a medical expert or additional

evidence supporting causation other than petitioner's medical records, the evidence weighs against a finding that Mr. Parker developed cellulitis as a result of the flu vaccine.

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED WITH PREJUDICE for insufficient proof. The Clerk shall enter judgment accordingly.** See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master
