# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
GERALD PARKER,                         *
                                       *
                                       *   No. 19-1233V
              Petitioner,              *   Special Master Christian J. Moran
                                       *
v.                                     *
                                       *   Filed: June 23, 2022
SECRETARY OF HEALTH                    *
AND HUMAN SERVICES,                    *   Attorneys' fees and costs.
                                       *
              Respondent.              *
* * * * * * * * * * * * * * * * * * * *
```

Michael A. Firestone, Marvin Firestone, MD, JD, and Associates, San Mateo, CA, for petitioner;
Catherine E. Stolar, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On August 16, 2021, petitioner Gerald Parker moved for final attorneys' fees and costs.  He is awarded **$31,115.19**.

\* \* \*

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  This posting means the decision will be available to anyone with access to the Internet.  In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

On August 19, 2019, petitioner filed for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34.  The petition alleged that the influenza ("flu") vaccine he received on November 15, 2018, caused him to develop cellulitis.  After petitioner filed initial medical records, respondent filed his Rule 4(c) report on July 9, 2020, contesting entitlement.  Shortly after the filing of the Rule 4(c) report, petitioner's attorney, Mr. Martin Martinez, passed away.  The case was referred to Mr. Michael Firestone, who was substituted as counsel of record on September 9, 2020.  A status conference was held on October 19, 2020, during which petitioner requested 60 days to file outstanding medical records identified by respondent, as well as updated medical records.  On December 15, 2020, petitioner moved for a decision dismissing his petition, stating that a review of the facts and science revealed that petitioner would "be unable to prove that he is entitled to compensation."  Pet'r's Mot., filed Dec. 15, 2020, at ¶ 1.  On April 14, 2021, the undersigned issued his decision dismissing the petition for insufficient proof.  Decision, 2021 WL 1884819 (Fed. Cl. Spec. Mstr. Apr. 14, 2021).

On August 16, 2021, petitioner moved for final attorneys' fees and costs.  Pet'r's Mot., filed Aug. 16, 2021.  For fees and costs associated with Mr. Firestone's work, petitioner requests attorneys' fees of $7,124.42 and attorneys' costs of $24.77 for a total request of $7,149.19.  Pet'r's Mot. at 1.  For Mr. Martinez's work, petitioner requests $25,816.00 in attorneys' fees.  Pet'r's Status Rep., filed June 6, 2022.  Pursuant to General Order No. 9, petitioner states that he has not personally incurred any costs in pursuit of this litigation.  On August 28, 2021, respondent filed a response to petitioner's motion.  Resp't's Resp., filed Aug. 28, 2021.  Respondent argues, "Neither the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs."  Id. at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Id. at 2.  Additionally, he recommends that the undersigned "exercise [his] discretion" when determining a reasonable award for attorneys' fees and costs.  Id. at 3.  Petitioner did not file a reply.

\*    \*    \*

The burden is on the petitioner to provide sufficient evidence to support a request for attorneys' fees and costs.  See, e.g., Scharfenberger v. Sec'y of Health & Hum. Servs., 124 Fed. Cl. 225, 234 (2015).  The Secretary is not required to make objections to requests for fees and costs.  Id.  Accordingly, special masters are "not limited to objections raised by respondent."  Id. (quoting Lamar v. Sec'y

2

of Health & Hum. Servs., No. 99-538V, 2008 WL 3845165, at *5 (Fed. Cl. Spec. Mstr. July 30, 2008)).

The Secretary previously provided objections to requests for attorneys' fees and costs. See Dominguez v. Sec'y of Health & Hum. Servs., 136 Fed. Cl. 779, 781 (2018). However, the Secretary no longer routinely provides objections to fee motions due to lack of resources and desire to avoid further litigation. See id. Given the Secretary's lack of substantive participation in fee motions, special masters have an independent duty to evaluate them for their reasonableness. See id. at 785; McIntosh v. Sec'y of Health & Hum. Servs., 139 Fed. Cl. 238 (2018); Spahn v. Sec'y of Health & Hum. Servs., 138 Fed. Cl. 252, 262-63 (2018). Therefore, the undersigned has independently reviewed the fee application for its reasonableness. See Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1520 (Fed. Cir. 1993); Perreira v. Sec'y of Health & Hum. Servs., 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994) (affording special masters discretion to determine the reasonableness of requests of attorneys' fees and costs); see also Saxton, 3 F.3d at 1521; Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009) (allowing special masters to rely on accumulated experience in determining fee awards).

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, although petitioner's claim was ultimately unsuccessful, the undersigned finds that good faith and reasonable basis existed throughout the matter. Respondent also has not challenged the reasonable basis of the claim. A final award of reasonable attorneys' fees and costs is therefore proper in this case. See Greenlaw v. United States, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.").

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar

3

process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

   A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. However, when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower, the Davis County exception applies, and petitioner's counsel is paid according to the local rate. Id. at 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Env't Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). Here, all the attorneys' work was done in San Mateo, California. The local rate San Mateo, California is substantially similar to the forum rate. Therefore, the Davis County exception does not apply.

Petitioner requests the following hourly rates for the work of his counsel, Mr. Michael Firestone: $311.20 per hour for work performed in 2020 and $365.00 per hour for work performed in 2021. For Mr. Martinez, petitioner requests the following hourly rates: $380.00 per hour for work performed in 2016; $400.00 per hour for work performed in 2017; and $440.00 per hour for work performed in 2019. The requested rates are consistent with what Mr. Firestone and Mr. Martinez have previously been awarded for their Vaccine Program work. See, e.g., Morrow v. Sec'y of Health & Hum. Servs., No. 17-1964V, 2021 WL 6424072, at *2 (Fed. Cl. Spec. Mstr. Dec. 9, 2021); Phillips v. Sec'y of Health & Hum. Servs., No. 16-906V, 2021 WL 2768362, at *2 (Fed. Cl. Spec. Mstr. May 26, 2021); Mitchell v. Sec'y of Health & Hum. Servs., No. 16-749V, 2020 WL 5543736, at *1 (Fed. Cl. Spec. Mstr. Aug. 14, 2020); Leonard v. Sec'y of Health & Hum. Servs., No. 15-1135V, 2017 WL 7310151, at *1 (Fed. Cl. Spec. Mstr. Aug. 7, 2017). Petitioner also requests reasonable hourly rates for work performed by paralegals. Accordingly, the requested hourly rates are reasonable.

   B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton, 3 F.3d at 1521. The Secretary did not directly challenge any of the requested hours as unreasonable.

For both Mr. Firestone's work and Mr. Martinez's work, the undersigned has reviewed the submitted billing records and finds most of the time billed to be reasonable. Mr. Firestone's timesheet provides sufficiently detailed descriptions of the work performed. See Pet'r's Mot. at 14-19. One issue is a small amount of clerical work billed by the firm's paralegal, including time billed for receiving and organizing case files. See id. at 16 (8/19/2020, 8/20/2020, and 8/25/2020 entries). Billing for clerical or administrative work is not permitted in the Vaccine Program. See Rochester v. United States, 18 Cl. Ct. 379 (1989). A total of six hours was spent on this task. This results in a reduction of $900.00. Therefore, for Mr. Firestone's work, petitioner is awarded final attorneys' fees of $6,224.42.

With respect to Mr. Martinez's work, Mr. Martinez billed a small amount of time for reviewing orders and filing documents in 2017. This issue was relatively minor and results in a reduction of $950.00. Accordingly, for Mr. Martinez's work, petitioner is awarded final attorneys' fees of $24,866.00.

C. Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira, 27 Fed. Cl. at 34. Petitioner requests a total of $24.77 in attorneys' costs for work associated with Mr. Firestone's work. This amount is comprised of acquiring medical records and postage. Petitioner has provided adequate documentation supporting all of the requested costs, and all appear reasonable in the undersigned's experience. Petitioner did not request costs associated with Mr. Martinez's work. Petitioner is therefore awarded $24.77 in costs.

D. Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$31,115.19**, consisting of:

- **$6,249.19** to be awarded to Mr. Firestone (representing $6,224.42 in attorneys' fees and $24.77 in attorneys' costs); and

- **$24,866.00** to be awarded to Mr. Martinez.

This award shall be a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Mr. Michael Firestone. Mr. Firestone will

disperse funds awarded to Mr. Martinez appropriately.[2]  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

   **IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Mr. Firestone has agreed to disperse funds awarded to Mr. Martinez to his widow, Diana Dorame.  Pet'r's Status Rep., filed June 6, 2022; see also Morrow, 2021 WL 6424072.

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

6